UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEITH HENDERSON,

    Plaintiff,

v.     Case No. 3:25cv2100-LC-HTC

JUDGE ELISABETH TIMOTHY, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Keith Henderson's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Doc. 1.  Upon consideration, Henderson's complaint should be dismissed with prejudice because he sues state and federal judges who are absolutely immune from liability.  Dismissal is also warranted on other grounds, including that (1) Henderson is a three-striker under 28 U.S.C. § 1915(g) who has failed to allege he is in imminent danger of serious physical injury, and (2) Henderson failed to truthfully disclose his complete litigation history on the complaint form.

    **I.    Judicial Immunity**

Henderson sues two state court judges from the Fourteenth Judicial Circuit, Judge Ana M. Garcia and Judge Wade Mercer; an active federal judge, Judge Rodgers; and a retired magistrate judge, Judge Elisabeth Timothy.  He claims

judicial misconduct, racial discrimination, and "robbery by deprivation." From what the undersigned can discern, Henderson complains about the filing fee being taken from his inmate bank account.[1] He also challenges prison conditions and claims physical injuries and seeks "nine hundred and ninety nine million dollars" in punitive damages.

However, it is well established that "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the "'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Judicial immunity applies even if a judge's actions are erroneous, malicious, or exceed the judge's jurisdiction. *See id.*; *see also Medrano v. Sunny Isles Beach Police Dep't*, 2007 WL 9703577, at *2 (S.D. Fla. Jan. 16, 2007) ("Judicial immunity applies however erroneous the act may have been, and however

---

[1] Henderson's complaint unfolds in confusing and at times illegible sentences. For example, he states as follows:

> Clerk of Court under Freedom-Rights-Racial-Discriminating on 4/11/22-3/24/21 case no # 121-606-PLRA [illegible] a total of $350.00 US. District receipt no. cox 102794 [illegible] Entered 4-11/22) PLRA filing Fees Entered 4/11/22) 3-24-21 – case no H 3:21-cv-802 paid the full amount of money taken off my inmate Bank statement without a consent form signed by me Keith Henderson 2S DC # 102124 By inmate Bank account in Tallahassee FL on Litigant Filing Fee's I was charged Double the amount by U.S. District Court of Pensacola FL total $1,400.00) by Casey m. rogers Elisabeth m. Timothy. US. District Court of Denver Judges initials [illegible] I was stolen deprived of my rightfully owed money by robbery and scam Fraudent by Grand theft value more than amount of Hundred Dollars.

Case No. 3:25cv2100-LC-HTC

injurious in its consequences it may have proved to the plaintiff[.]") (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985)).

Here, since Henderson's suit relates to orders entered by the courts, his claims clearly arise out of conduct taken in the judges' judicial capacities. Therefore, the judges are absolutely immune from liability. Thus, this suit should be dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B) (when a prisoner or litigant proceeding *in forma pauperis* files suit, the courts "shall dismiss the case at any time if the court determines that … the action or appeal … (iii) seeks monetary relief against a defendant who is immune from such relief"); *see also* 28 U.S.C. § 1915A (applying screening rules to prisoners seeking relief against a governmental entity, officer, or employee).

## II.  Henderson is a Three-Striker

This action should also be dismissed on the independent ground that Henderson is prohibited from proceeding *in forma pauperis* and filed this suit without the payment of the full filing fee. Pursuant to the "three strikes rule," a prisoner may not bring a civil action when he has previously brought three or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his

lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges facts to show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Henderson is a three-striker who has also been determined by the state and federal courts to be an "abusive filer."[2] In fact, Henderson has had three-striker status for over a decade. *See Henderson v. Graham*, No. 13-10641 (11th Cir. 2013) (determining three strikes provision applies to Henderson); *see also In re: Keith Henderson*, 1:13-MI-0010-AT, Order of Dismissal at 1-2, ECF Doc. 3 (M.D. Ga. May 13, 2013) (explaining that Henderson is a three-striker, noting five relevant federal filings across the previous seven months) (citing *In re: Keith Henderson*, 3:12-MC-00002-DHB, Judge's Order at 7, 1, ECF Doc. 1 (S.D. Ga. Dec. 18, 2012) (finding Henderson an "abusive filer"); *Henderson v. Early Cnty. Sheriff's Dept.*,

---

[2] Most disturbing from Henderson's litigation history is an August 28, 2025 decision from Judge Garcia enjoining Henderson from filing future *pro se* filings, in which Judge Garcia states "the instant Amended Motion for Post-Conviction Relief contained scandalous and obscene references of a sexual nature directed at the Court and the judicial assistant as well as the correspondence contained a suspicious substance that appeared to be semen." *State v. Henderson*, Fourteenth Judicial Circuit in and for Jackson County, Florida, Case No. 16CF133 (Order Barring Further Po Se Filings).

Case No. 3:25cv2100-LC-HTC

No. 1:18-cv-00057-WLS-TQL, 2018 WL 11152178, at *1 (M.D. Ga. May 7, 2018) ("[Henderson's] status as a three-strike plaintiff cannot seriously be disputed").

Because he is a three-striker, the only way Henderson can proceed with this action is if he has shown imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Henderson has made no such showing. While he seeks damages for physical injuries, that allegation is purely conclusory, as he does not describe the injuries or even indicate when or how he received them. Further, he makes no allegation of imminent physical harm. Instead, as stated above, the crux of Henderson's suit is about the payment of filing fees. He fails to "identify any presently occurring circumstance to suggest … possible or potential danger" he faces in the present moment. *Daker v. Ward*, 999 F.3d 1300, 1306 (11th Cir. 2021). Henderson's complaint should therefore be dismissed under § 1915(g).

### III. Henderson Fails to Truthfully Disclose His Litigation History

Finally, this action should be dismissed under the Court's inherent authority because Henderson failed to fully disclose his litigation history. This Court's Local Rules require prisoners and *pro se* litigants to use the Court's complaint form when filing a civil rights complaint. *See* N.D. Fla. Loc. R. 5.7(A). Section VIII of the Court's approved complaint form requires plaintiffs to disclose their prior litigation history. The complaint form warns plaintiffs that "failure to disclose all prior state

and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case." Doc. 1 at 9.

Question III.A. asks whether Henderson has filed "any case in federal court, including federal appellate court" that was "dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." Doc. 1 at 10. Question VIII.C asks the plaintiff to identify "any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging [his] conviction or relating to the conditions of [his] confinement[.]" *Id.* at 11.

In response to Question VIII.A., Henderson identified only *two* cases: 1:21-cv-606, from the District of Colorado, and 3:21-cv-80-MCR-EMT, from this District. Henderson, however, has had numerous cases dismissed as frivolous. As the Middle District of Georgia stated in one of Henderson's cases, "A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ('PACER') database reveals Plaintiff has filed dozens of frivolous and meritless cases in federal court." *Henderson v. Early Cnty. Sheriff's Dept.*, No. 1:18-cv-00057-WLS-TQL, 2018 WL 11152178, at *1 (M.D. Ga. May 7, 2018)[3]; *see also In re Keith Henderson*, No. 3:12-mc-2-DHB (S.D. Ga. Dec. 18, 2012), Doc. 1 (finding

---

[3] A review of PACER shows that Henderson has filed at least 10 cases since January 1, 2019. While the Court did not endeavor to review each of those cases, the Court suspects Henderson's pattern of filing frivolous cases continued.

Case No. 3:25cv2100-LC-HTC

five separate filings frivolous, abusive and subject to dismissal under § 1915(g)). Henderson's response to Question VIII.A. is, thus, not truthful.

In response to Question VIII.C., Henderson once again identified *only* the same two cases. The undersigned takes judicial notice that last year alone—and in this District alone—Henderson filed *Henderson v. Mercer*, 1:24-cv-42-AW/MAF (dismissing under § 1915(g) a case where Henderson alleged a hodgepodge of claims, including those relating to conditions of his confinement and naming defendants who are officers with the Department of Corrections); and *Henderson v. Lane*, 3:24-cv-139-MCR/ZCB (suing correctional officers and alleging abuse while in custody). Henderson did not disclose either of those cases.[4] Therefore, Henderson's response to Question III.C. is also not truthful.

Despite failing to truthfully disclose his litigation history, on his complaint form Henderson declares "under penalty of perjury" the information in the complaint, "including [his] litigation history," is true and correct. *Id.* at 13.

As this Court has repeatedly concluded, a plaintiff's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Thus, if Henderson suffered no

---

[4] Henderson also did not disclose the habeas case referenced in footnote 2, *supra*.

Case No. 3:25cv2100-LC-HTC

penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court has inherent power to dismiss an action for a plaintiff's failure to comply with orders of the Court, this Court's local rules, or for abusing the judicial process.[5]  *See McNair v. Johnson,* 143 F.4th 1301 (11th Cir. 2025) (recognizing court's inherent authority to dismiss an action for failure to truthfully disclose litigation history when requested to do so on complaint form).  Thus, an appropriate sanction for Henderson's failure to provide the Court with true factual responses is to dismiss this case without prejudice.  *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300/RS/EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence.").  "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.  If word got around the

---

[5] Because Henderson is already a 3-striker, it does not matter if his failure to truthfully disclose his litigation history in this case was malicious.  Nonetheless, the Court could easily reach that determination given how many suits Henderson has filed and how many times he had been advised that he is a 3-striker with numerous frivolous filings.

Case No. 3:25cv2100-LC-HTC

prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED that:

1. This case be DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Henderson's claims are barred by judicial immunity. Additionally, Henderson is a 3-striker who failed to pay the filing fee and who also failed to truthfully disclose his litigation history.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 6th day of November, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:25cv2100-LC-HTC